April 13, 1889.                                    Reformed.

---

S. R. LILLARD & Co. v. J. B. MITCHELL & Co.

(No. 5937.)

APPEAL from Wise County.   Opinion by WHITE, P. J.

PATTERSON & MARTIN, counsel for appellants.

DONALD & COBB, counsel for appellees.

**§ 457.** *Sale made by agent contrary to instructions of principal binding on principal, when; mistake; rules as to; communication by telephone; case stated.* Appellees sued appellants in justice's court upon an account for $16.20. Appellants denied the justness of the account,

and pleaded a counter-claim for $132 damages for a breach of contract on the part of appellees in failing and refusing to deliver to appellants three cane-mills purchased by the latter from the former.   Appellants recovered judgment for $115.80 and appellees appealed to the county court, where the cause was tried by the judge, and judgment rendered for appellees for $16.20, the amount of their account sued on, and for costs.   The facts relating to appellants' counter-claim are substantially as follows: Appellees' traveling agent and salesman, Williams, solicited of appellants an order for cane-mills, proposing to sell said mills at fifty per cent. less than the printed price-list of appellees.   Appellants declined to purchase on the proposed terms.   Williams left appellants' place of business, but soon returned and told appellees that he had communicated with appellants by telephone, and that they had authorized him by telephone to sell the mills at seventy per cent. less than printed prices.   Thereupon appellants gave their order to said agent for said mills at said last-named price, which order appellees refused to fill, notifying appellees that said agent had made a mistake as to the price, and that they would not sell said mills for less than fifty per cent. off the printed price.   The difference between fifty and seventy per cent. less than the printed price of the mills amounts to $132, the amount claimed by appellants in their counter-claim.   These facts were found by the judge; and further, the judge found that it was a fact that the agent, Williams, was mistaken in his authority to sell for less than fifty per cent. off printed price.   As matter of law, the judge concluded that appellants made said purchase subject to any mistake made in said telephone communication, and were therefore not entitled to recover on their counter-claim.   *Held:* A sale made by an agent within the apparent scope of his authority is binding on his principal; and the fact that he sells below his instructions does not alter the rule, even though he states at the time that he has, by telephone or other-

wise, been instructed so to sell. Such an act by an agent having power to sell is not beyond his apparent authority, and is merely a violation of his instructions. [2 App. C. C. §§ 524, 525, 545; *ante*, § 130; Merriman v. Fulton, 29 Tex. 97; 1 Wait's Act. & Def. 227, 228.] In this case no fraud can be imputed to appellants in contracting for the mills with said agent. If a mistake was made by said agent, such mistake was in no way occasioned by appellants. A mistake which equity will relieve against must ordinarily be a mutual one. [*Ante*, § 117.] There was no mutuality in the mistake sought to be relieved against in this instance. Appellants knew nothing of such mistake, and had nothing to do with it. "It is true that specific performance of a contract may be refused even when there has been no impropriety of conduct on the part of the party seeking specific performance, in case of mistake, and even where the mistake is not mutual, if under the circumstances of the case it appears inequitable that there should be specific performance." [Kerr on Fraud & Mistake, 412.] But this case does not come within this rule. Appellants were not seeking to buy the cane-mills. Appellees' agent importuned them to buy, and offered to sell at a price which they were willing to give, and they accepted the proposal of said agent. Apparently the agent had authority to make the sale he did make; and furthermore, he represented to appellants at the time that he had express authority from his principal, received by telephone, to make such sale. The fact that he stated that such authority was communicated by telephone did not have the effect to put appellants upon notice that probably a mistake had occurred. "Courts of justice do not ignore the great improvements in the means of intercommunication which the telephone has made. Its nature, operation and ordinary uses are facts of general scientific knowledge, of which courts will take judicial notice as part of public contemporary history. When a person places himself in connection with the telephone system through an instru-

ment in his office, he thereby invites communication in relation to his business through that channel. Conversations so held are as admissible in evidence as personal interviews by a customer with an unknown clerk in charge of an ordinary shop would be in relation to the business there carried on." [Wolf v. R'y Co., S. W. Rep. vol. 11, p. 49.] As a means of communication the telephone is used daily, and by the most astute business men, in the transaction of important business. We are not aware that mistakes are more likely to occur than not in its use, and cannot hold that a contracting party must take notice that communications received by telephone are probably incorrect. Upon the facts found by the judge, appellants should have recovered judgment upon their counter-claim. The judgment is reversed and here rendered in their favor for $115.80, the amount due them after deducting appellees' account of $16.20, together with interest and costs.

April 17, 1888.          Reversed and rendered.